**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| JEFFREY E. KAWCZYNSKI, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 15 C 3099 |
| | ) | |
| F.E. MORAN, INC. FIRE PROTECTION, | ) | Judge Amy J. St. Eve |
| a/k/a and d/b/a THE MORAN GROUP | ) | |
| and FE MORAN and THE MORAN | ) | |
| GROUP and FE MORAN MECHANICAL | ) | |
| SERVICES, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

The Court grants Defendant's motion to dismiss without prejudice and grants Defendant's motion to strike with prejudice [8]. The Court grants Plaintiff leave to file an Amended Complaint in accordance with this ruling by no later than June 19, 2015. Status hearing set for August 6, 2015 is stricken and reset to June 25, 2015 at 8:30 a.m.

**STATEMENT**

On April 8, 2015, Defendant F.E. Moran, Inc. Fire Protection removed this action from the Circuit Court of Cook County, Illinois pursuant to the Court's original jurisdiction over Plaintiff Jeffrey Kawczynski's employment discrimination claim brought under the Age Discrimination in Employment Act, 29 U.S.C. § 621, *et seq.* ("ADEA").[1] *See* 28 U.S.C. §§ 1331, 1441, 1446(b). Before the Court is Defendant's motion to dismiss and motion to strike under Federal Rules of Civil Procedure 12(b)(6) and 12(f). For the following reasons, the Court grants Defendant's Rule 12(b)(6) motion without prejudice and Defendant's Rule 12(f) motion with prejudice. The Court grants Plaintiff leave to file an Amended Complaint by no later than June 19, 2015.

**BACKGROUND**

In his Complaint, Plaintiff alleges that Defendant employed him for approximately five years and ten months and that he is 51 years old. (R. 1-1, Verified Compl., ¶ 1.) Plaintiff also

---

[1] Although Plaintiff's Complaint alleges that he is bringing this action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.,* he acknowledges in his response brief that his claim is pursuant to the ADEA.

alleges that Defendant terminated his employment on April 5, 2013, based on his age. (*Id.*) In addition, Plaintiff contends that Defendant terminated other employees over the age of 51 based on their age. (*Id.* ¶ 2.) Plaintiff asserts that during his employment, he endured harassment due to his age, including co-workers and management calling him "old man" and "old Jeff." (*Id.* ¶¶ 3-5.) Also, a superintendent at a job site asked Plaintiff how old he was, after which Defendant terminated his employment. (*Id.* ¶ 6.)

Plaintiff alleges that he filed a charge of discrimination with the United States Equal Employment Opportunity Commission ("EEOC") and on December 18, 2014, the EEOC issued a right-to-sue letter. (*Id.*, Admin Pro., ¶ 3.) Plaintiff's EEOC Charge, dated May 9, 2013, states that he began his employment with Respondent, who he indicates is F.E. Moran Mechanical Contracting & Service, on or about June 4, 2007. (R. 9-3, Def.'s Ex. 3, EEOC Charge.)

## LEGAL STANDARDS

"A motion under Rule 12(b)(6) tests whether the complaint states a claim on which relief may be granted." *Richards v. Mitcheff,* 696 F.3d 635, 637 (7th Cir. 2012). Under Rule 8(a)(2), a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The short and plain statement under Rule 8(a)(2) must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic v. Twombly,* 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) (citation omitted). Under the federal notice pleading standards, a plaintiff's "factual allegations must be enough to raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 555. Put differently, a "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (quoting *Twombly,* 550 U.S. at 570).

"In reviewing the sufficiency of a complaint under the plausibility standard, [courts] accept the well-pleaded facts in the complaint as true, *Alam v. Miller Brewing Co.,* 709 F.3d 662, 665-66 (7th Cir. 2013), and draw "reasonable inferences in favor of the plaintiffs." *Teamsters Local Union No. 705 v. Burlington No. Santa Fe, LLC,* 741 F.3d 819, 823 (7th Cir. 2014). Also, when ruling on motions to dismiss, courts may also consider documents attached to the pleadings without converting the motion to dismiss into a motion summary judgment, as long as the documents are referred to in the complaint and central to the plaintiff's claims. *See Adams v. City of Indianapolis*, 742 F.3d 720, 729 (7th Cir. 2014); Fed.R.Civ.P. 10(c). "[A] plaintiff is not required to plead facts in the complaint to anticipate and defeat affirmative defenses," but "when a plaintiff's complaint nonetheless sets out all of the elements of an affirmative defense, dismissal under Rule 12(b)(6) is appropriate." *Independent Trust Corp. v. Stewart Info. Serv. Corp.,* 665 F.3d 930, 935 (7th Cir. 2012).

Pursuant to Rule 12(f), the Court can strike "any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f); *Delta Consulting Grp., Inc. v. R. Randle Constr., Inc.,* 554 F.3d 1133, 1141 (7th Cir. 2009). Motions to strike are appropriate if they serve to expedite litigation. *See Heller Fin., Inc. v. Midwhey Powder,* 883

F.2d 1286, 1294 (7th Cir. 1989); *see also Talbot v. Robert Matthews Distrib. Co.,* 961 F.2d 654, 664 (7th Cir. 1992) (allegations may be stricken if matter bears no possible relation to controversy). District courts have considerable discretion under Rule 12(f). *See Delta,* 554 F.3d at 1141-42.

## ANALYSIS

**I.      Failure to State a Claim**

First, Defendant argues that the Court should dismiss Plaintiff's ADEA claim because Plaintiff fails to plead sufficient facts that Defendant was his employer as defined by the ADEA. The ADEA defines "employer" as "a person engaged in an industry affecting commerce who has twenty or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year." 29 U.S.C. § 630(b). In addition, the "term also means (1) any agent of such a person, and (2) a State or political subdivision of a State and any agency or instrumentality of a State or a political subdivision of a State, and any interstate agency." *Id.*

In his response brief, Plaintiff attempts to fill in the factual details he did not allege in his Complaint, but a plaintiff cannot amend his allegations via arguments in his legal memoranda. *See Anderson v. Donahoe,* 699 F.3d 989, 998 (7th Cir. 2012). Nevertheless, in his Complaint, Plaintiff has failed to allege any facts about F.E. Moran, Inc. Fire Protection except that Defendant is an employer for purposes of the ADEA. Without more, Plaintiff has failed to sufficiently allege a right to relief above the speculative level. *See Twombly,* 550 U.S. at 555. The Court therefore grants Defendant's motion to dismiss without prejudice and grants Plaintiff leave to file an Amended Complaint that includes sufficient factual details about Defendant.

**II.     Failure to Exhaust**

Next, Defendant argues that Plaintiff failed to properly exhaust his administrative remedies with the EEOC. The exhaustion of administrative remedies is an affirmative defense and it is well-settled that plaintiffs do not have an obligation to allege facts negating affirmative defenses under the federal pleading standards. *See Laouini v. CLM Freight Lines, Inc.,* 586 F.3d 473, 475 (7th Cir. 2009); *Salas v. Wisconsin Dept. of Corr.,* 493 F.3d 913, 921 (7th Cir. 2007); *see also Levin v. Miller,* 763 F.3d 667, 671 (7th Cir. 2014) ("complaints need not anticipate affirmative defenses; neither *Iqbal* nor *Twombly* suggests otherwise.").

That being said, Defendant specifically argues that Plaintiff listed F.E. Moran Mechanical Contracting & Service as Respondent in his EEOC Charge instead of F.E. Moran, Inc. Fire Protection. Although "a party not named as the respondent in an EEOC Charge may not ordinarily be sued in a private civil action," the Seventh Circuit recognizes an exception to this rule where the "unnamed party has been provided with adequate notice of the charge, under circumstances where the party has been given the opportunity to participate in conciliation proceedings aimed at voluntary compliance[.]" *Alam v. Miller Brewing Co.,* 709 F.3d 662, 666 (7th Cir. 2013) (citation omitted).

In response to Defendant's motion to dismiss, Plaintiff has attached documentation establishing that Defendant F.E. Moran, Inc., Fire Protection had notice of his EEOC Charge and opportunity to participate in the EEOC conciliation proceedings. In particular, Plaintiff provides his EEOC intake questionnaire, EEOC acceptance to mediation, and correspondence in which Defendant's counsel acknowledges that the EEOC Charge is against F.E. Moran, Inc. Fire Protection and that the EEOC Charge has the incorrect caption of F.E. Moran Mechanical Contracting & Service. Moreover these documents clearly reference the EEOC Charge number 440-2013-03415 underlying this lawsuit. Although Plaintiff's complaint does not refer to all of these documents and therefore, the Court cannot refer to them in the present motion to dismiss, these documents illustrate the reason why a plaintiff need not anticipate an affirmative defense in his complaint. Because the Court is granting Plaintiff leave to file an Amended Complaint in accordance with this Order, the Court declines to dismiss Plaintiff's ADEA claim based on the affirmative defense of exhaustion. In filing an Amended Compliant, Plaintiff should keep these issues regarding exhaustion of his administrative remedies in mind.

### III.    Punitive Damages

Last, Defendant moves to strike Plaintiff's punitive damages allegations arguing that the ADEA prohibits any such damages. *See Franzoni v. Hartmarx Corp.*, 300 F.3d 767, 773 (7th Cir. 2002) (ADEA plaintiff cannot obtain punitive damages). In response, Plaintiff argues that a plaintiff can recover punitive damages in ADEA retaliation cases. *See Tomao v. Abbott Labs., Inc.,* No. 04 C 3470, 2007 WL 2225905, at **19-20 (N.D. Ill. July 31, 2007). Plaintiff, however, has not alleged a retaliation case. Moreover, the district court's decision in *Tomao* is not controlling nor persuasive because it relies upon other district court decisions, most of which are from outside of the Seventh Circuit, and Fair Labor Standards Act precedent. The Court therefore grants Defendant's motion to strike pursuant to Rule 12(f).

**Dated:** June 1, 2015

_____
**AMY J. ST. EVE**
**United States District Court Judge**