# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| JEFFREY E. KAWCZYNSKI, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 15 C 3099 |
| | ) | |
| F.E. MORAN, INC. FIRE PROTECTION, | ) | Judge Amy J. St. Eve |
| a/k/a and d/b/a THE MORAN GROUP | ) | |
| and FE MORAN and THE MORAN | ) | |
| GROUP and FE MORAN MECHANICAL | ) | |
| SERVICES, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

The Court denies Defendant's motion to dismiss [20]. The Court grants Plaintiff leave to file a Second Amended Complaint in compliance with this ruling by no later than August 27, 2015. Defendant's Answer is due on or before September 10, 2015. Status hearing set for October 8, 2015 is stricken and reset to September 16, 2015 at 8:30 a.m.

## STATEMENT

On April 8, 2015, Defendant F.E. Moran, Inc. Fire Protection removed this action from the Circuit Court of Cook County, Illinois pursuant to the Court's original jurisdiction over Plaintiff Jeffrey Kawczynski's employment discrimination claim brought under the Age Discrimination in Employment Act, 29 U.S.C. § 621, *et seq.* ("ADEA"). *See* 28 U.S.C. §§ 1331, 1441, 1446(b). On June 1, 2015, the Court granted Defendant's motion to dismiss Plaintiff's original complaint without prejudice, and on June 8, 2015, Plaintiff filed the present Amended Complaint. Before the Court is Defendant's motion to dismiss brought pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) based on Plaintiff's failure to exhaust his administrative remedies, as well as a motion to strike under Rule 12(f). For the following reasons, the Court denies Defendants' Rule 12(b)(6) motion to dismiss. The Court also denies Defendant's Rule 12(b)(1) motion based on Article III standing and Rule 12(f) motion as moot.[1] The Court grants Plaintiff leave to amend his allegations to include both the factual background of his claims and

---

[1] Because Plaintiff has sufficiently alleged that he exhausted his administrative remedies, Defendant's Article III standing argument necessarily fails. *See, e.g., Chicago Fire Fighters Union Local No. 2 v. City of Chicago*, No. 87 C 7295, 1999 WL 1289125, at *59 (N.D. Ill. Dec. 30, 1999); *see also Kyles v. J.K. Guardian Sec. Serv., Inc.*, 222 F.3d 289, 295 (7th Cir. 2000) (discussing standing in relation to employment discrimination statutes).

the procedural background explaining how he exhausted his administrative remedies.

## BACKGROUND

In his Amended Complaint, Plaintiff attempts to incorporate the facts from his original complaint instead of re-alleging them. An amended complaint, however, supersedes an original complaint and must stand on its own. *See Chasensky v. Walker,* 740 F.3d 1088, 1094 (7th Cir. 2014). Nevertheless, for the sake of background, the Court outlines the following facts to give context to whether Plaintiff has exhausted his administrative remedies. In his original complaint, Plaintiff alleged that Defendant employed him for approximately five years and ten months and that he is 51 years old. He also alleged that Defendant terminated his employment on April 5, 2013, based on his age and that Defendant terminated other employees over the age of 51 based on their age. Further, Plaintiff asserts that during his employment, he endured harassment due to his age, including co-workers and management calling him "old man" and "old Jeff." In addition, he asserts that a superintendent at a job site asked Plaintiff how old he was, after which Defendant terminated Plaintiff's employment.

Plaintiff alleges in his Amended Complaint that Defendant F.E. Moran Inc. Fire Protection was his employer. (R. 18, Am. Compl. ¶¶ 6, 7.) He further states that he filed a charge of age discrimination with the United States Equal Employment Opportunity Commission ("EEOC"), specifically, EEOC Charge Number 440-2013-03415, and on December 18, 2014, the EEOC issued a right-to-sue letter for EEOC Charge Number 440-2013-03415. (*Id.* ¶¶ 5, 12.) Plaintiff's EEOC Charge, dated May 9, 2013, states that he began his employment with Respondent, F.E. Moran Mechanical Contracting & Service, on or about June 4, 2007. (R. 18, Ex. E.) Also, Plaintiff alleges that on his EEOC intake questionnaire, he put "F.E. Moran" as the employer and "fire protection" under the type of business. (*Id.* ¶¶ 9, 21, 24 Ex. C, EEOC intake.) He further maintains that the named Defendant–F.E. Moran Inc. Fire Protection–was aware of his EEOC Charge and had the opportunity to participate in the EEOC's conciliation proceedings. (Am. Compl. ¶¶ 16-20.)

## LEGAL STANDARD

"A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) challenges the viability of a complaint by arguing that it fails to state a claim upon which relief may be granted." *Camasta v. Jos. A. Bank Clothiers, Inc.,* 761 F.3d 732, 736 (7th Cir. 2014). Under Rule 8(a)(2), a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The short and plain statement under Rule 8(a)(2) must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic v. Twombly,* 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) (citation omitted). Under the federal notice pleading standards, a plaintiff's "factual allegations must be enough to raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 555. Put differently, a "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (quoting *Twombly,* 550 U.S. at 570). "In reviewing the

sufficiency of a complaint under the plausibility standard, [courts] accept the well-pleaded facts in the complaint as true, *Alam v. Miller Brewing Co.,* 709 F.3d 662, 665-66 (7th Cir. 2013), and draw "reasonable inferences in favor of the plaintiffs." *Teamsters Local Union No. 705 v. Burlington No. Santa Fe, LLC,* 741 F.3d 819, 823 (7th Cir. 2014). Also, when ruling on motions to dismiss, federal courts may also consider documents attached to the pleadings without converting the motion to dismiss into a motion summary judgment, as long as the documents are referred to in the complaint and central to the plaintiff's claims. *See Adams v. City of Indianapolis*, 742 F.3d 720, 729 (7th Cir. 2014); Fed.R.Civ.P. 10(c).

## ANALYSIS

The gist of Defendant's motion to dismiss is that Plaintiff failed to identify his actual employer as the Respondent in his EEOC Charge, and thus Plaintiff failed to properly exhaust his administrative remedies. To clarify, Plaintiff, via the EEOC investigator, listed F.E. Moran Mechanical Contracting & Service as the Respondent in his EEOC Charge instead of F.E. Moran, Inc. Fire Protection. Although "a party not named as the respondent in an EEOC Charge may not ordinarily be sued in a private civil action," the Seventh Circuit recognizes an exception to this rule where the "unnamed party has been provided with adequate notice of the charge, under circumstances where the party has been given the opportunity to participate in conciliation proceedings aimed at voluntary compliance[.]" *Alam,* 709 F.3d at 666 (citing *Eggleston v. Chicago Journeymen Plumbers' Local Union No. 130,* 657 F.2d 890, 905 (7th Cir. 1981)).

Here, Plaintiff has provided the Court with documents that he attached to the pleadings. These documents are referred to in his Amended Complaint and are central to his ADEA claim, therefore, the Court can refer to them without converting this motion into a motion for summary judgment. *See Adams*, 742 F.3d at 729. Specifically, Plaintiff attaches his EEOC acceptance/objection to mediation form that indicates Respondent is F.E. Moran Fire Protection North for EEOC Charge Number 440-2013-03415. (R. 18, Ex. C; Am. Compl. ¶ 10.) He further attaches correspondence from Defendant's counsel that indicates that F.E. Moran, Inc. Fire Protection of Northern Illinois is the Respondent to EEOC Charge Number 440-2013-03415. (R. 18, Ex. D.) In fact, in this correspondence, Defendant's counsel points out that the EEOC Charge incorrectly captioned "F.E. Moran Mechanical Contracting & Service," instead of "F.E. Moran, Inc. Fire Protection of Northern Illinois." (*Id.*) Moreover, in his Amended Complaint, Plaintiff alleges that Defendant F.E. Moran Inc. Fire Protection was aware of his EEOC Charge and had the opportunity to participate in the EEOC's conciliation proceedings. (Am. Compl. ¶¶ 17, 18.) This is all Plaintiff need allege at this stage of the proceedings. *See Alam,* 709 F.3d at 666; *see, e.g., Hernandez v. Partners Warehouse Supplier Servs.*, LLC, 890 F.Supp.2d 951, 958 (N.D. Ill. 2012); *McQueen v. City of Chicago,* 803 F.Supp.2d 892, 904 (N.D. Ill. 2011). As such, the Court denies Defendant's motion to dismiss based on Plaintiff's failure to exhaust his administrative remedies.

**Dated:** August 13, 2015

_____

**AMY J. ST. EVE**
**United States District Court Judge**