# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| JEFFREY E. KAWCZYNSKI, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 15 C 3099 |
| | ) | |
| F.E. MORAN INC. FIRE PROTECTION | ) | Judge Amy J. St. Eve |
| OF NORTHERN ILLINOIS f/k/a F.E. | ) | |
| MORAN INC. FIRE PROTECTION, | ) | |
| | ) | |
| Defendant. | ) | |

## **ORDER**

The Court denies Defendant's Federal Rule of Civil Procedure 12(b)(6) motion to dismiss and grants Defendant's Rule 12(f) motion to strike [29]. The Court grants Plaintiff leave to file his Third Amended Complaint in which he cannot incorporate by reference his earlier pleadings. Plaintiff's Third Amended Complaint is due on October 30, 2015. Plaintiff should name both F.E. Moran Inc. Fire Protection of Northern Illinois and F.E. Moran Inc. Fire Protection as Defendants until discovery reveals which corporation is the proper Defendant. Plaintiff must serve his Third Amended Complaint on both Defendant F.E. Moran Inc Fire Protection of Northern Illinois and Defendant F.E. Moran Inc. Fire Protection by November 6, 2015. Defendants' answers are due on December 4, 2015. Defendant F.E. Moran Inc Fire Protection of Northern Illinois must file its Northern District of Illinois Local Rule 3.2 corporate disclosure statement and attorney appearances before the next status date. Parties shall file a joint proposed discovery plan by December 7, 2015. Status hearing set for January 5, 2016 is stricken and reset to December 10, 2015 at 8:30 a.m.

## **STATEMENT**

On August 25, 2015, Plaintiff filed a Second Amended Complaint against Defendant F.E. Moran, Inc. Fire Protection of Northern Illinois f/k/a FE Moran Inc. Fire Protection alleging employment discrimination under the Age Discrimination in Employment Act, 29 U.S.C. § 621, *et seq.* ("ADEA"). Before the Court is Defendant's motion to dismiss and motion to strike. The Court denies Defendant's motion to dismiss, but grants Defendant's motion to strike Plaintiff's references to his earlier pleadings, as discussed below. The Court presumes familiarity with its prior rulings in this matter, including the Court's August 13, 2015 Order denying Defendant's motion to dismiss because Plaintiff had properly exhausted his administrative remedies.

## BACKGROUND

In his Second Amended Complaint, Plaintiff once again attempts to incorporate the facts from his original and amended complaint instead of re-alleging them. Because an amended complaint supersedes an original complaint, it must stand on its own. *See Chasensky v. Walker,* 740 F.3d 1088, 1094 (7th Cir. 2014). Therefore, the Court grants Defendant's motion to strike Plaintiff's references to his earlier pleadings that are in his Second Amended Complaint. In addition, the Court refers only to Plaintiff's Second Amended Complaint in this background section.

Plaintiff alleges that Defendant employed him for about 5 years and 10 months and that he had a stellar work record. (R. 27, Second Am. Compl. ¶¶ 6, 28.) He further alleges that Defendant fired him when he was 51 years old and that Defendant fired other employees who were over the age of 51. (*Id.* ¶ 29.) In addition, Plaintiff asserts that during his employment with Defendant, he encountered harassment based on his age. (*Id.* ¶ 30.) In particular, Plaintiff maintains that co-workers and management called him "old man" and "old Jeff." (*Id.* ¶ 31.) He further alleges that the superintendent at his job site asked him how old he was and three days later Defendant dismissed his employment. (*Id.* ¶ 33.)

## LEGAL STANDARD

"A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) challenges the viability of a complaint by arguing that it fails to state a claim upon which relief may be granted." *Camasta v. Jos. A. Bank Clothiers, Inc.,* 761 F.3d 732, 736 (7th Cir. 2014). Under Rule 8(a)(2), a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The short and plain statement under Rule 8(a)(2) must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic v. Twombly,* 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) (citation omitted). Under the federal notice pleading standards, a plaintiff's "factual allegations must be enough to raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 555. Put differently, a "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (quoting *Twombly,* 550 U.S. at 570). In ruling on Rule 12(b)(6) motions, courts may consider "documents that are central to the complaint and are referred to in it, and information that is properly subject to judicial notice." *Williamson v. Curran,* 714 F.3d 432, 436 (7th Cir. 2013).

## ANALYSIS

In the present motion, Defendant F.E. Moran Inc. Fire Protection, a privately held Illinois corporation, argues that the Court should dismiss it as a Defendant from this lawsuit because Plaintiff's ADEA allegations should be against F.E. Moran Inc. Fire Protection of Northern Illinois. Defendant F.E. Moran Inc. Fire Protection explains that it is not the same entity as F.E. Moran, Inc. Fire Protection of Northern Illinois and that these two entities are separately

incorporated.  A review of the Illinois Secretary of State Corporation File Detail Reports reveals that although these two entities are separately incorporated, their agents, agents' address, and corporate officers are the same.  In fact, the corporate agent for both corporations is Brian Moran at 2265 Carlson Drive, Northbrook, Illinois and the agent listed on the original state court complaint summons dated March 6, 2015 – that Defendants removed to this Court on April 8, 2015 – is Brian Moran at the Northbrook address.  (R. 1-1.)  Moreover, Plaintiff has attached documents to his response brief indicating that F.E. Moran, Inc. Fire Protection issued his first and last paychecks – not F.E. Moran, Inc. Fire Protection of Northern Illinois.  Also, although F.E. Moran, Inc. Fire Protection's website does not spell out the corporate structure of the "Moran Group," it appears that these two corporations are affiliated.[1]
http://www.femoranfp.com/the-moran-group/

At this juncture – without the advantage of fact discovery – Plaintiff is not required to understand how these two corporations are related, such as whether one entity is a parent or subsidiary of the other entity, and which one is his "employer" for ADEA purposes.  As it is, Plaintiff maintains that these two entities are related, which is all that is required at this time because fact discovery is necessary to resolve this issue.  *See, e.g., Tompkins v. Lasalle Bank Corp.,* No. 09 C 3906, 2009 WL 4349532, at *3 (N.D. Ill. Nov. 24, 2009).

**Dated:**  October 21, 2015                             _____
                                                                             **AMY J. ST. EVE**
                                                                             **United States District Court Judge**

---

[1] The website indicates that F.E. Moran Fire Protection is a subsidiary of the Moran Group, another Illinois corporation, see http://www.femoranfp.com/about-us/, although F.E. Moran Fire Protection's Local Rule 3.2 corporate disclosure statement maintains that it is owned by Armon, Inc., a privately held Delaware corporation.  (R. 11.)

3