**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| JEFFREY E. KAWCZYNSKI, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 15 C 3099 |
| | ) | |
| F.E. MORAN, INC. FIRE PROTECTION | ) | Judge Amy J. St. Eve |
| OF NORTHERN ILLINOIS f/k/a FE | ) | |
| MORAN INC. FIRE PROTECTION, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

The Court denies Defendant's Federal Rule of Civil Procedure 12(b)(6) motion to dismiss [43]. Defendant's answer is due on or before January 5, 2016. Status hearing set for February 17, 2016 is stricken and reset to January 21, 2016 at 8:30 a.m. Rule 26(a)(1) disclosures shall be exchanged by January 8, 2016. Written discovery shall be issued by January 15, 2016. Parties shall file a joint proposed schedule for the remainder of discovery by January 19, 2016.

## STATEMENT

On November 5, 2015, Plaintiff filed a Third Amended Complaint against Defendant F.E. Moran, Inc. Fire Protection of Northern Illinois f/k/a FE Moran Inc. Fire Protection alleging employment discrimination under the Age Discrimination in Employment Act, 29 U.S.C. § 621, *et seq.* ("ADEA"). Before the Court is Defendant's motion to dismiss. This is Defendant's third motion to dismiss and the Court presumes familiarity with its prior rulings in this matter. The Court denies Defendant's motion and will not consider any further motions to dismiss. Further, the Court reminds Defendant's counsel of its Federal Rule of Civil Procedure 11(b)(2) obligations.

## LEGAL STANDARD

"Under Illinois law as under federal law, an amendment relates back when it arises out of the same transaction or occurrence set up in the original pleading." *Cleary v. Philip Morris Inc.,* 656 F.3d 511, 515 (7th Cir. 2011) (citation omitted). More specifically, an amendment relates back to the date of the original pleading when "the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out – or attempted to be set out – in the original pleading." Fed.R.Civ.P. 15(c)(1)(B); *see also Luevano v. Wal-Mart Stores, Inc.,* 722 F.3d 1014, 1022 (7th Cir. 2013). "[T]he purpose of relation back" is "to balance the interests of the defendant protected by the statute of limitations with the preference expressed in the Federal

Rules of Civil Procedure in general, and Rule 15 in particular, for resolving disputes on their merits." *Krupski v. Costa Crociere S. p. A.,* 560 U.S. 538, 549-50, 130 S.Ct. 2485, 177 L.Ed.2d 48 (2010).

## ANALYSIS

On March 6, 2015, Plaintiff filed a Verified Complaint in the Circuit Court of Cook County, and, on April 8, 2015, Defendant removed this action pursuant to the Court's original jurisdiction over Plaintiff Jeffrey Kawczynski's employment discrimination claim brought under the Age Discrimination in Employment Act, 29 U.S.C. § 621, *et seq.* ("ADEA"). Defendant's removal notice states that Plaintiff alleges a violation of the ADEA. (R. 1, Notice of Removal ¶ 4.) Plaintiff's state court Verified Complaint alleges that "this is a claim for relief for Title VII...the Age Discrimination in Employment Act." (R. 1-1, Verified Compl. ¶ 1.) Although Plaintiff brought this claim stating it was a Title VII and ADEA claim in his original allegations, in response to Defendant's first motion to dismiss, Plaintiff clarified that this lawsuit is based on the ADEA. Indeed, through the many iterations of Plaintiff's complaints and Defendant's motions to dismiss, the parties and the Court have addressed Plaintiff's claim as an ADEA claim. Also, Plaintiff has consistently alleged that her EEOC right-to-sue letter was dated December 18, 2014.

Now, Defendant argues that the Court should dismiss Plaintiff's Third Amended Complaint because Plaintiff raises an ADEA claim for the first time in these new allegations, and it is thus untimely under the 90-day limitations period because Plaintiff's right to sue letter is dated December 18, 2014. *See* 29 U.S.C. § 626(e). Defendant bases this argument on the fact that the Court granted its first motion to dismiss without prejudice. To clarify, Defendant argues that the relation back doctrine under Rule 15(c) is inapplicable because once the Court dismissed the original complaint without prejudice, there was nothing for the amended complaint to "relate back" to. *See Smith v. Union Pac. R.R.,* No. 11 CV 986, 2013 WL 474382, at *7 (N.D. Ill. Feb. 7, 2013). The Seventh Circuit, however, reversed *Smith* in this regard. *See Smith v. Union Pac. R. Co.*, 564 F. App'x 845, 847 (7th Cir. 2014). Quoting *Luevano v. Wal-Mart Stores, Inc.,* 722 F.3d 1014 (7th Cir. 2013), the *Smith* decision stated:

> If a timely complaint is dismissed but the action remains pending, as occurred here, an amended complaint relates back to the filing of the original complaint when "the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out-or attempted to be set out – in the original pleading."

*Smith,* 564 F. App'x at 847. As officers of the Court, defense counsel should not rely on case law that the Seventh Circuit has expressly overruled.

Here, as in *Smith* and *Luevano*, Plaintiff's lawsuit remained pending after the Court granted Defendant's first motion to dismiss without prejudice. In particular, the Court did not enter a Rule 58 judgment, but instead granted Plaintiff leave to amend his complaint. *See*

2

*Luevano,* 722 F.3d at 1020; *see also Bausch v. Stryker Corp.,* 630 F.3d 546, 562 (7th Cir. 2010) ("As a general matter, Rule 15 ordinarily requires that leave to amend be granted at least once when there is a potentially curable problem with the complaint or other pleading."). As such, Plaintiff's lawsuit has remained pending since he filed his original complaint 78 days after the date of his EEOC right-to-sue letter and his allegations relate back to his original complaint dated March 6, 2015. The Court therefore denies Defendant's motion.

**Dated:** December 21, 2015

_____
**AMY J. ST. EVE**
**United States District Court Judge**